No. 24-10415

# In the United States Court of Appeals for the Fifth Circuit

ROLEX WATCH USA, INC.
*Plaintiff-Appellant*,

*v.*

BECKERTIME, LLC; MATTHEW BECKER,
*Defendants-Appellees.*

On Appeal from the U.S. District Court for the Northern District of Texas,
Fort Worth Division
Case No. 4:20-cv-1060

## SUMMARY RESPONSE BRIEF OF DEFENDANTS-APPELLEES

ANDY NIKOLOPOULOS
FOX ROTHSCHILD LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5776
anikolopoulos@foxrothschild.com

MICHAEL BEYLKIN (Lead Counsel)
ZANSBERG BEYLKIN LLC
100 Fillmore Street, Suite 500
Denver, CO 80206
(303) 886-7048
mike@zblegal.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5TH CIR. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**<u>Defendants-Appellees</u>**:

BeckerTime LLC, a Texas Limited Liability Company

Matthew Becker, a resident of Texas

**<u>Counsel for Defendants-Appellees</u>**:

Michael Beylkin
ZANSBERG BEYLKIN LLC
100 Fillmore Street, Suite 500
Denver, CO 80206
(303) 886-7048
mike@zblegal.com

Andy Nikolopoulos
FOX ROTHSCHILD LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5776
anikolopoulos@foxrothschild.com

**<u>Plaintiff-Appellant</u>**:

Rolex Watch USA, Inc., a New York corporation

**<u>Counsel for Plaintiff-Appellant</u>**:

Craig Summers
Matthew Bellinger
Brandon Smith

KNOBBE, MARTENS, OLSON & BEAR LLP
2040 Main Street
Irvine, CA 92614
(949) 760-0404

Brian Brokate
Beth Frenchman
Jeffrey Dupler
Maja Szumarska
GIBNEY, ANTHONY & FLAHERTY LLP
650 Fifth Avenue
New York, NY 10019
(212) 688-5151

Theodore C. Max
Tyler E. Baker
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 653-8700

James Sowder
THOMPSON, COE, COUSINS & IRONS LLP
700 North Pearl Street, 25th Floor
Dallas, TX 75201
(214) 871-8200

*/s/ Michael Beylkin*
Michael Beylkin

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellees BeckerTime LLC and Matthew Becker respectfully submit that this appeal does not warrant oral argument.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ......................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS .......................................................................................... iv

TABLE OF AUTHORITIES  ...................................................................................v

SUMMARY OF THE ARGUMENT & ARGUMENT ...........................................1

CONCLUSION ...........................................................................................................4

CERTIFICATE OF SERVICE ..................................................................................5

CERTIFICATE OF COMPLIANCE .......................................................................6

## <u>TABLE OF AUTHORITIES</u>

**None.**

## SUMMARY OF THE ARGUMENT & ARGUMENT

This appeal is wholly unnecessary and is simply a further effort by Rolex to multiply the proceedings in a dispute where, upon this Court's amended opinion on March 25, 2024, *see* ROA.7578-7592 (Dkt. No. 112-1 in Fifth Circuit Case No. 22-10866), the District Court clearly exceeded its limited mandate on remand by attempting to revise Sections 1(a) and 1(b) of the Final Judgment. Despite those improper revisions by the District Court, BeckerTime has at all times and consistently expressed to Rolex its belief that the parties' relationship – that is, the prohibitions imposed on BeckerTime – is governed by **this Court's** amended opinion and mandate. ROA.7578-7592. Yet, despite those expressions, Rolex **chose** to file an appeal rather than seek reconsideration or other relief below from the District Court's error. Relief that, as here, BeckerTime would not have opposed.

Because this is the second appeal in this case, and because this Court specifically noted that, after remand, "should either party seek appellate review following modification of the injunction by the district court, the appeal will be assigned to this panel [referring to the panel in Fifth Circuit Case No. 22-10866]," ROA.7591, BeckerTime will not belabor the underlying factual background of the trademark dispute. Rather, it is sufficient to note that in its March 25, 2024 opinion, this Court ordered

> [a] limited remand solely for the district court to clarify its language in part 1(c). Specifically, it should correct the two following typographical

errors by filling in the missing language as it deems appropriate: (1)
"where the (including. . ." and (2) "or to which other have been added."
The remainder is affirmed as modified.

ROA.7591. And in the spirit of that order, on remand before the District Court, the

parties **<u>stipulated</u>** to the language of Section 1(c) of the Final Judgment (and

proposed nothing more). ROA.7601-7604. That should have been the end of this

long-running dispute. But rather than simply adopting the parties' stipulation per

the parties' proposed order, the District Court engaged in copyediting of Sections

1(a) and 1(b) of the Final Judgment, and those edits were unfortunately inconsistent

with this Court's amended opinion. ROA.7606; ROA.7607-7613.

Thus, BeckerTime **<u>agrees</u>** with Rolex's requested relief. Rolex requests that

this Court:

> (1) vacate the District Court's Amended Final Judgment, ROA.7607-
> 7613 (Dkt. No. 135 (entered Apr. 8, 2024));
>
> (2) reinstate the District Court's prior Final Judgment, ROA.2274-
> 2280 (Dkt. No. 100 (entered Aug. 12, 2022)), as impliedly modified by
> this Court's amended opinion, ROA.7591 ("The remainder is affirmed
> as modified.") (Dkt. No. 112-1 in Fifth Circuit Case No. 22-10866
> (entered on March 25, 2024)); and
>
> (3) order the District Court to adopt the parties' agreed upon and
> stipulated language modifying Section 1(c) of the Final Judgement,
> ROA.7601-7604, as solely intended by this Court for the limited
> remand from the first appeal, ROA.7591.

Rolex Br. at 23-24. BeckerTime does not dispute that this relief is appropriate, and

as Rolex has not argued for or requested any other relief in its opening brief on

appeal, BeckerTime does not and will not respond to any arguments as to the

appropriate interpretation of this Court's amended opinion as to any sections of the

Final Judgment.[1]

---

[1] For example, Rolex contends that the District Court's revisions to the "last two sentences of Section 1(a)" and to footnote 1 were an intentional decision by the District Court (though those revisions were never suggested by BeckerTime or Rolex to the District Court). Rolex Br. at 21 & n.6. BeckerTime does not dispute it was error for the District Court to make any revisions to Sections 1(a) or 1(b) on limited remand, but the relevance of the term "inscription" in those sentences is plain, as **this Court held in reference to the "Customized by BeckerTime" inscription**:

> We likewise reject Rolex's argument that the district court erred in requiring that BeckerTime inscribe "CUSTOMIZED BY BECKERTIME" on the back of the watches, claiming it should not permit them to continue selling "counterfeit" watches at all. But the district court here specifically found that the disclosures BeckerTime made did not "fully alleviate confusion," and it is reasonable that the district court required an additional disclosure to adequately alleviate any remaining confusion.

> Finally, we reject Rolex's argument that the district court improperly permitted BeckerTime to sell counterfeit watches upon customer request. The district court reasonably found that, with the required disclosures, no customer requesting a customized watch by BeckerTime would confuse it with a genuine Rolex watch.

ROA.7591. Thus, the last two sentences of the revised footnote 1 reflect this very principle: "The Court finds that this permanent inscription sufficiently negates confusion as whether a watch is fully and/or originally a Rolex. This is particularly true because no trademarks may be added to any part." That said, because Rolex is seeking to have the ***original*** injunction reinstated, ROA.2274-2280 (Dkt. No. 100 (entered Aug. 12, 2022)), and the parties will then operate as to the prohibitions under Sections 1(a) and 1(b) based on this Court's express holdings as to those sections from the first appeal, ROA.7578–7592, BeckerTime does not oppose or otherwise dispute the remedy that Rolex seeks here.

In light of its position in support of the requested relief by Rolex, BeckerTime respectfully submits that no appellate costs should be awarded here.

## CONCLUSION

For the foregoing reasons, this Court should find the District Court exceeded its limited mandate on remand; this Court should vacate the District Court's Amended Final Judgment; reinstate the District Court's prior Final Judgment as impliedly modified by this Court's Amended Opinion entered on March 21, 2024; and order the District Court to simply adopt the parties' agreed upon and stipulated language for Section 1(c). This Court should further decline to award any costs on appeal.

Respectfully submitted,

*/s/ Michael Beylkin*
MICHAEL BEYLKIN
ZANSBERG BEYLKIN LLC
100 Fillmore Street, Suite 500
Denver, CO 80206
(303) 886-7048
mike@zblegal.com

ANDY NIKOLOPOULOS
FOX ROTHSCHILD LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5776
anikolopoulos@foxrothschild.com

*Counsel for Defendants-Appellees*
*BeckerTime LLC and Matthew Becker*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's

ECF filing system on September 6, 2024, on all registered counsel of record, and has

been transmitted to the Clerk of the Court.

*/s/ Michael Beylkin*
Michael Beylkin

## CERTIFICATE OF COMPLIANCE

This brief complies with (1) the type-volume limitation of Fed. R. App. P. 28(b) & 32(a)(7)(B), and 5TH CIR. R. 28.3 & 32.2 because it contains 957 words, excluding exempted text; and (2) the typeface requirements of 5TH CIR. R. 32.1 and Fed. R. App. P. 32(a)(5), and type-style requirements of Fed. R. App. P. Rule 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word.


*/s/ Michael Beylkin*
Michael Beylkin